UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRUCE DAVID LAVINE,

                    Plaintiff,

    v.

HAROLD CLARKE, *et al.*,

                    Defendants.

No. 08-5195FDB/JRC

REPORT AND RECOMMENDATION

NOTED FOR:
June 19, 2009

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. Plaintiff is proceeding *in forma pauperis* (Dkt. # 4). Before the Court is defendant's Motion for Summary Judgment (Dkt. # 54). Plaintiff did not respond. Having reviewed the complaint, and the motion, the court recommends that the motion be GRANTED and this action be DISMISSED WITH PREJUDICE.

Report and Recommendation- 1

## FACTS

Plaintiff is a Washington State inmate. He alleges the mailroom staff at Stafford Creek Corrections Facility were improperly opening his legal mail and refusing to send his mail as legal mail. Plaintiff alleges that he and his wife are acting pro se in a case and that the mail in question was correspondence between him and his wife. Plaintiff alleges that on one other occasion, on February 02, 2007, two pieces of mail from the Whatcom County Superior Court were opened outside of his presence. He alleges a violation of his First, Fifth and Fourteenth Amendment Rights (Dkt. # 5). Specifically he alleges a violation of his rights to free speech and a denial of access to courts (Dkt. # 5).

Defendants present the following statement of facts and those facts are not disputed as plaintiff failed to respond to defendant's motion:

> Plaintiff, Bruce Lavine is an inmate in the custody of the Department of Corrections (DOC) currently incarcerated at Stafford Creek Corrections Center (SCCC). Dkt. #5, Complaint at 2. On April 14, 2008, Plaintiff filed a 42 U.S.C. § 1983 Civil Rights Complaint alleging that the Defendants denied him access to courts in violation of his First, Fourth, Fifth and Fourteenth Amendments rights when DOC officials rejected and/or opened and read several articles of incoming and outgoing mail addressed to and from his wife, Frances Lavine, because she was not considered a legal source under DOC's policy governing legal mail for offenders. Id. at 3-4. He also alleges an access to courts violation when DOC officials opened two articles of incoming legal mail from the Whatcom County Superior Court outside of his presence. Id. at 3.
>
> DOC Policy 450.100, Mail for Offenders authorizes facility staff "to inspect and read incoming and outgoing mail. Inspection will serve the[sic] prevent offenders from receiving or sending contraband, or any other material that threatens to undermine the security and order of the facility through the mail; and prevent criminal activity." Exhibit 1, Declaration of Jason M. Howell, Attachment A, DOC Policy 450.100(III)(A); See also WAC 137-48-030 (Inspection of Mail). Incoming and outoing[sic] mail may be restricted if it is "mail purported to be legal mail that is general correspondence." WAC 137-48-040(c). DOC Policy 450.100

Report and Recommendation- 2

expressly authorizes staff to inspect incoming and outgoing legal mail, including its contents, to determine if the mail is free of contraband and that it is indeed legal mail as defined by policy. Exhibit 1, Attachment A, DOC Policy 450.100(VI)(B),(D).

"Legal mail" is defined as "correspondence to or from courts and court staff (judges, clerks of the court, judicial law clerks, etc.), attorneys, established groups of attorneys involved in the representation of inmates in judicial proceedings (ACLU, legal services groups, etc.), the President or Vice-President of the United States, members of the United States Congress, embassies and consulates, the United States Department of Justice, state attorney general, governors, members of the state legislature, and law enforcement officers in their official capacity." WAC 137-48-020(6); See also Exhibit 1, Attachment A, DOC Policy 450.100(VI)(A)(1)(a).

On several occasions, Mr. Lavine attempted to send and receive mail to/from his wife, Frances Lavine under the guise of legal mail. Complaint at 3-4. DOC officials inspected this mail per policy, determined that Mrs. Lavine was not a legal source under DOC Policy 450.100, returned the mail to Mr. Lavine and notified him that outgoing mail to his wife needed to be sent as regular mail. Exhibit 1, Attachments C-G. Mr. Lavine appealed these mail rejections and asserted that his wife is a pro se co-defendant in a civil action and that his wife had power of attorney and was serving as "attorney in fact" and should be considered a legal source under DOC Policy 450.100. Id. Attachments C-F, Mail Rejection Appeal Letters. DOC officials upheld the rejections stating that his wife did not meet the definition of a legal source for privileged legal mail correspondence. Id.

Mr. Lavine also alleges that on February 2, 2007, DOC officials improperly opened legal mail outside of his presence from the Whatcom County Superior Court. Complaint ¶ 12. The only DOC record pertaining to this allegation is a kite dated February 4, 2007. Exhibit 1, Attachment B.

(Dkt. # 54, Pages 1 to 3).

Defendants move for summary judgment and argue: 1) the action fails to state a claim; 2) lack of personal participation; 3) and, qualified immunity (Dkt. # 54, page 3).

/

/

Report and Recommendation- 3

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). See also Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W. Elec. Service Inc., 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested to by the party contradicts facts specifically attested to by the moving party. Id.

The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in hopes that evidence can be developed at trial to support the claim. Id.

Report and Recommendation- 4

Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

DISCUSSION

Local Rule 7 (b)(2) in pertinent part states:

> If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.

Plaintiff's failure to respond to the motion for summary judgment is such an admission. Nevertheless, the court will consider the defendants arguments individually.

1. <u>Failure to state a claim</u>.

A. <u>Mail to and from a Spouse</u>.

Prison inmates have a First Amendment right to send and receive mail. Pell v. Procunier, 417 U.S. 817, 822 (1974). A prison may limit an inmate's constitutional rights if the restrictions are reasonably related to legitimate penological interests. Turner v. Safely, 482 U.S. 78, 89 (1987). The extent of a prisoner's rights with regard to the inspection of legal mail is not clear. Wolff v. McDonald, 418 U.S. 539, 577 (1974). A prison policy of opening legal mail for inspection only in the presence of the inmate meets, and may even exceed, the demands of the Constitution. Id. However, mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail. Keenan v. Hall, 83 F.3d 1083 (9th Cir.1996). Inadvertent opening of a prisoner's legal mail at most amounts to negligence. Stevenson v. Koskey, 877 F.2d 1435 (9th Cir.1989). Mere negligence is insufficient to invoke the protections of the Fourteenth Amendment's due process clause. Daniels v. Williams, 474 U.S. 327 (1986) (overruling Parratt v. Taylor, 451 U.S. 527 (1981)).

Report and Recommendation- 5

The court is not aware of any case where mail from a spouse was considered legal mail. To treat this correspondence as legal mail gives an inmate and his spouse the opportunity to transmit information without prison officials being able to monitor whether the information is for a legitimate purpose , or whether the information contains criminal or illegal activity. Defendants argue:

> Moreover, DOC officials properly applied DOC Policy 450.100 in determining that Frances Lavine was not a legal source with whom Plaintiff could conduct privileged communications using the legal mail system. She does not meet the clear policy and WAC definition of a legal source. Were this Court to hold that a non-attorney, co-party spouse should be considered a privileged legal source, incarcerated offenders could easily manipulate this loophole to accommodate clandestine communications with the outside. Similarly, were this Court to adopt Plaintiff's position as to "attorneys in fact," offenders could execute a sham power of attorney with anyone, including criminal affiliates, to conduct clandestine communications. DOC has an obvious legitimate penological interest in maintaining prison security by limiting privileged legal mail to those parties defined in the Policy and WAC to ensure that offenders do not engage in unmonitored communications that could be used to perpetrate criminal activities inside and outside the prison walls.

(Dkt. # 54, page 8). The Court concurs. Plaintiff's claims regarding legal mail with his spouse fail to state a claim given the obvious penological concerns raised by correspondence between an incarcerated person and their spouse.

      B.      <u>Access to courts</u>.

While plaintiff has alleged a denial of access to courts, he fails to identify any case or cause of action he lost or was not able to file. Thus, he fails to allege actual injury. Actual injury is a prerequisite to a denial of access to courts claim. <u>Lewis v. Casey</u>, 518 U.S. 343, 352-53 (1996).

      C.      <u>Mail from Whatcom County Superior Court</u>.

Report and Recommendation- 6

As noted above, mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail. Keenan v. Hall, 83 F.3d 1083 (9th Cir.1996). However, Washington State's Policy is to treat this mail as legal mail. There is no evidence before this court that the opening of this legal mail was anything other than inadvertent. The alleged inadvertent opening of two letters on February 2, 2007, does not give rise to a cause of action because it was an isolated incident and against policy. The inadvertent opening of a prisoner's legal mail at most amounts to negligence. Stevenson v. Koskey, 877 F.2d 1435 (9th Cir.1989). Mere negligence is insufficient to invoke the protections of the Fourteenth Amendment's due process clause. Daniels v. Williams, 474 U.S. 327 (1986) (overruling Parratt v. Taylor, 451 U.S. 527 (1981)). Plaintiff has filed to state a claim and the defendant's motion for summary judgment should be GRANTED.

2. Personal Participation.

A plaintiff must set forth the specific factual bases upon which he claims each defendant is liable. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). This is because the theory of respondeat superior is not sufficient to state a claim under Section 1983. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982). Here, plaintiff has named seven defendants:

1. Harold Clarke.

2. Belinda Stewart.

3. Richard Morgan

4. Ruben Cedeno

5. Cheryl Sullivan

Report and Recommendation- 7

6.      Caroline Hardy.

        7.      Toni Johnson.

(Dkt. # 5). Plaintiff fails to set forth facts sufficient to establish that <u>any of these individual defendants</u> personally participated in causing the harm alleged (Dkt. # 5). Plaintiff simply lists the defendants and then states that each defendant "was given actual notice of the deprivations of plaintiff's constitutional rights described herein." This conclusory statement does not show that any named defendant authorized, approved of or acquiesced to any of the conduct in the complaint. Notice of an alleged violation after the fact does not make the person receiving the notice liable.

The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional violation. <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988). At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct. <u>Bellamy v. Bradley</u>, 729 F.2d 416, 421 (6th Cir.), <u>cert. denied</u>, 469 U.S. 845 (1984).

Plaintiff has failed to pled facts showing personal participation. Defendant's Motion for Summary Judgment should be GRANTED.

        3.      <u>Qualified Immunity</u>.

State officials are entitled to qualified immunity unless they violated clearly established law of which a reasonable person should have known. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982). When evaluating the issue of qualified immunity, the court follows the two-part test for qualified immunity announced in <u>Saucier v. Katz</u>: (1) whether the facts alleged "show [that] the officer[s'] conduct violated a constitutional right"; and (2) whether the constitutional right in

Report and Recommendation- 8

question was "clearly established" such that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." 533 U.S. 194, 201-02 (2001); *see also* Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1050 (9th Cir.2002).

It is not clearly established law that mail to or from a spouse enjoys the privileged status of legal mail. Further, the inadvertent opening of two pieces of mail from a Superior Court does not violate clearly established law given that there is authority that the mail from a court may not be legal mail. Keenan v. Hall, 83 F.3d 1083 (9th Cir.1996). Defendant's Motion for Summary Judgment should be GRANTED.

## CONCLUSION

Defendant's Motion for Summary Judgment should be GRANTED. Plaintiff fails to show a denial of access to courts. Further, mail from a spouse does not qualify as legal mail, even if the spouse and inmate are litigating a civil case. Plaintiff has failed to allege facts showing personal participation, and, defendants are entitled to qualified immunity from suit. This action should be DISMISSED WITH PREJUDICE. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also,* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 19, 2009,** as noted in the caption.

DATED this 26th day of May, 2009.

J. Richard Creatura
United States Magistrate Judge

Report and Recommendation- 9